IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN WALKER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-362-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, et al. | § | |
| | § | |
| CHRISTOPHER WILLIAM THOMAS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-364-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, et al. | § | |
| | § | |
| MATTHEW C. COTTON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-365-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, et al. | § | |
| | § | |
| CHADWICK BENJAMIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-478-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, et al. | § | |
| | § | |
| JAMES EDWARD COOPER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-485-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, et al. | § | |
| | § | |
| PAUL DAVID JOHNSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-486-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, et al. | § | |

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

These cases are before the Court for review of the pro-se

inmate/plaintiffs' claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Each case was commenced with the filing of a complaint that is very similar and includes as an attachment a photocopy of a document entitled "Cruel and Unusual Punishment Under the Eight Amendment," which describes a number of egregious acts purportedly committed by Officer Joseph Thornhill against some of the prisoners of the unit or pod, identified as pod 59C (MHMRTC). The Court directed each plaintiff to file a more definite statement, and each has done so. Although in each of the cases, the plaintiff alleges facts particular and unique to him with regard to Officer Thornhill, as to their allegations against defendants Dee Anderson and the Tarrant County jail, the plaintiffs have written virtually identical responses to the Court's ques-tions.[1] Thus, the Court has considered and screened the cases collectively.[2]

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28

---

[1]Plaintiff Chadwick Benjamin in *Benjamin v. Anderson, et al.*, No.4:12-CV-478-Y, included in his more definite statement only very limited allegations with regard to Dee Anderson and the Tarrant County jail. (Benjamin September 14, 2012 MDS at 3.) The Court's analysis of the more detailed allegations in the bulk of the more definite statements, *supra* at 3-9, will apply equally to the disposition of Chadwick Benjamin's claims against Dee Anderson, Tarrant County, the Tarrant County jail, and the Tarrant County Sheriff's Department.

[2]The Court also has one other case pending before it from a plaintiff alleging injury out of the same or related events: *Andrews v. Anderson, et al.*, No.4:12-CV-359-Y. A separate order will issue regarding the screening and disposition of claims in that case.

[3]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion
in determining at any time whether an in-forma-pauperis claim
should be dismissed.[4]  Furthermore, as a part of the PLRA, Congress
enacted 28 U.S.C. § 1915A, which requires the Court to review a
complaint from a prisoner seeking relief from a governmental entity
or governmental officer or employee as soon as possible after
docketing.[5]  Consistent with § 1915A is prior case law recognizing
that a district court is not required to await a responsive
pleading to conduct its § 1915 inquiry.[6]  Rather, § 1915 gives
judges the power to "dismiss a claim based on an indisputably
meritless legal theory."[7]  After review of the complaint and more
definite statement under these standards, the Court concludes that
some of the plaintiffs' claims must be dismissed.

   *Tarrant County and its Departments*

   In response to the Court's order for more definite statement,
each of these plaintiffs has recited actions by Officer Thornhill
for which the Court will allow Plaintiffs to obtain service of
process upon Thornhill.  Because many of the complaints listed the

claim on which relief may be granted; or seeks monetary relief against a
defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and
(B)(West 2006).

   [4]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103
F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th
Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

   [5]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

   [6]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

   [7]*Id.,* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

3

Tarrant County jail as a defendant, the Court informed the plaintiffs of the fact that an entity must have its own jural existence to be subject to suit, and then directed the plaintiffs to either state facts to show the jail had jural existence, or identify whether they sought to pursue their claims against Tarrant County, Texas. (Order for MDS ¶¶ 7-8.)  In each of these cases, the plaintiffs responded by expressly declaring: "plaintiff is naming Tarrant County jail as a defendant, not Tarrant County, Texas." (MDS Answers to Question 8.)  But, even so, the plaintiffs failed to allege any facts related to the jail having its own jural existence.  Instead, the plaintiffs recited:

> The Tarrant County jail should be liable as a defendant due to its jural existence, and/or the fact that Plain-tiff is housed in the Tarrant County jail and ultimately restrained of his liberty, without this liberty Plaintiff is at the mercy of Tarrant County jail and/or its employees assigned to care for him . . . [and]

> The Tarrant County jail along with its employees must be held liable due to its joint association.  The Tarrant County jail is the basic existence of the other defen-dants in this particular cause, by failing to enquire into essential facts that are necessary to make a professional judgment. (MDS answers to question 7.)

The capacity of an entity to be sued is determined "by the law of the state where the court is located."[8]  Under Texas law, the key issue is whether the entity has been granted the capacity "to sue or be sued."[9] This Court and other federal courts in Texas have

---

[8]Fed R. Civ. P. 17(b)(3).

[9]*Dillon v. Jefferson County Sheriff's Department,* 973 F.Supp. 626, 627 (E.D. Tex. 1997).

consistently found that in order for a plaintiff to sue a municipal department, the department must have a separate legal existence.[10] More specifically, courts that have confronted the question of whether a department of a county itself is an entity subject to suit have determined that it is not.[11] None of these plaintiffs has set forth facts to show that the Tarrant County jail is a separate entity subject to suit.[12] (MDS at 8.) As such, their claims asserted only against the Tarrant County jail must be dismissed.[13]

*Dee Anderson*

The plaintiffs named Dee Anderson, sheriff, Tarrant County, in their complaints and in response to the Court's questions, and provided extensive and detailed answers in their more definite statements. First, the Court notes that the plaintiffs allege that

---

[10]*See generally Darby v. City of Pasadena,* 939 F.2d 311, 313 (5th Cir. 1991)(noting that under Texas law, absent authorization from a municipality to allow suit against one of its subdivisions as an independent entity, suit cannot proceed against that department)*; see also Buckley v. Dallas County,* No. CIV.A.3:97-CV-1649-G, 1999 WL 222380, *2 (N.D.Tex. April 13, 1999) (citations omitted); *Bridges v. Rossi,* No. 3:96-CV-0488-X, 1998 WL 241242, at *5 (N.D.Tex. May 6, 1998).

[11]*See Darby,* 939 F.2d at 313-14 (holding that city police department lacked jural existence); *see also Busby v. Dallas County Sheriff's Dept.,* 2012 WL 5359610, at *3 (N.D.Tex. Sep. 26, 2012)("Dallas County Sheriff's Department is not a separate legal entity having jural authority"), *report and rec. adopted,* 2012 WL 5359612 (N.D. Tex. Oct. 31, 2012); *see also Okwilagee v. Dallas County Jail Nurse Station, et al.,* No. 3-01-CV-1845-P, 2001 WL 1577435, *2 (N.D.Tex. Dec. 6, 2001)(finding that neither Dallas County jail nor Dallas County Nurse Station are separate legal entities subject to suit)(citing *Magnett v. Dallas County Sheriff's Department,* No. 3-96-CV-3191-BD, 1998 WL 51355 at *1 (N.D.Tex. Jan. 20, 1998)).

[12]*See Bridges,* 1998 WL 241242 at * 5 (plaintiff has burden to show that the city department has the capacity to be sued).

[13]The Court notes that the plaintiffs, in answers to the Court's questions regarding Sheriff Dee Anderson, have also referenced the liability of the Tarrant County Sheriff's Department. But, the same analysis applies to the Sheriff's Department. As it does not have its own jural existence, the Tarrant County Sheriff's Department is not subject to suit and must be dismissed.

Dee Anderson should be liable in "his official capacity." (MDS answers to Questions 5.) A claim against a defendant in an official capacity is actually a suit against the governmental entity that employs the defendant.[14] In order to prevail in an official-capacity claim, plaintiffs must show that the government entity is the moving force behind the violation.[15] To do so, plaintiffs must identify: (1) a policy (2) of the policy maker (3) that caused (4) the plaintiff to be subjected to a deprivation of his constitutional rights.[16] At the least, the plaintiff must present specific facts showing a pattern of violations in order to prevail on a claim against a defendant in his official capacity.[17] Here, the plaintiffs have expressly noted to the Court that they do not intend to make Tarrant County, Texas, a defendant. Furthermore, they have not included factual allegations of a policy that caused the alleged deprivation of their rights or a pattern of incidents which could be said to amount to a custom. As such, Plaintiffs' allegations do not support an official-capacity claim under § 1983.

The Court next notes that a claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.[18]

---

[14]*Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985).

[15]*Id.,* at 166.

[16]*Grandstaff v. City of Borger,* 767 F.2d 161, 169 (5th Cir.1985).

[17]*See Frare v. City of Arlington,* 957 F.2d 1268, 1278 (5th Cir.1992).

[18]*See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986); *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979).

Plaintiffs claim, in part, that Anderson "is responsible for liability because he is the sheriff of assigning officers to housing facilities within the Tarrant County jail,"[and] "Officer Thornhill worked 3pm-11pm Monday - Friday at which time Sheriff Dee Anderson was the Sheriff of Tarrant County jail," [and] "Anderson is responsible because from February through April 2012, I suffered physical harm at the hands of Officer Thornhill many times over . . . [and because Anderson] is the supervisor of Officer Thornhill which makes him liable for 'wanton infliction of pain' inflicted on me." (MDS answers to question 5.) As to these particular allega-tions, Plaintiffs appear to have named Anderson purely because of his supervisory capacity as the top administrator of the Tarrant County jail. But, § 1983 does not authorize supervisory liability based only on *respondeat superior* or any theory of vicarious liability.[19] Thus, the Court concludes that these particular allegations by Plaintiffs against Dee Anderson must be dismissed.

Next, the plaintiffs allege the following:

> Sheriff Dee Anderson was the Sheriff of Tarrant County jail. Since Officer Thornhill was not qualified or trained to work with mentally ill or mentally retarded inmates in his official capacity Sheriff Dee Anderson . . . should be held liable. Sheriff Anderson should have provided an officer to Pod 59C, a special housing unit for mentally ill and mentally retarded inmates who are obligated to take psychiatric medication on a daily basis, with some type of special training or special

---

[19]*See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999)("Only the direct acts of omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983"); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987)("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability")(citations omitted).

classes that deal with primarily mentally ill and or
mentally disabled inmates.  (MDS answers to Questions 5.)

Sheriff Dee Anderson was personally involved because
after being informed of the violations through the
grievance procedure step 1 and step 2 and did not do
anything to act on these unconstitutional acts [sic]. He
was grossly negligent in supervising Officer Thornhill
who committed wrongful acts, by allowing him to continue
to work here until he ultimately resigned on his own.
Sheriff Dee Anderson created a policy which unconstitu-
tional practices occurred by not properly training
Officer Thornhill to work in a special needs housing
areas for mentally ill and mentally retarded. (MDS
answers to Question 6.)

As noted above, Sheriff Anderson is responsible under § 1983
only for his own actions and omissions.[20] Although he may not have
otherwise directly been involved in the alleged conduct by Officer
Thornhill, Anderson may be personally liable if he "(1) failed to
train or supervise the officers involved; (2) there is a causal
connection between the alleged failure to supervise or train and
the alleged violation of the plaintiff's rights; and (3) the
failure to train or supervise constituted deliberate indifference
to the plaintiff's constitutional rights."[21]  To state a claim of
deliberate indifference in this context, generally requires "a
showing 'of more than a single instance of the lack of training or
supervision causing a violation of constitutional rights.'"[22] The

[20]*Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010).

[21]*Estate of Henson v. Callahan,* 440 Fed. Appx. 352, 356 (5th Cir.
2011)(citing *Thompson v. Upshur Cnty., TX.* 245 F.3d 447, 459 (5th Cir.
2001)(citations omitted)).

[22]*Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th cir. 2003)("[A]
plaintiff [must] demonstrate 'at least a pattern of similar violations" arising
from training or supervision "that is so clearly inadequate as to be 'obviously
likely to result in a constitutional violation'")(quoting *Thompson,* 245 F.3d at

plaintiffs recite several different actions taken by Thornhill against them that allegedly occurred over the course of a three-month period between February 2012 and April 2012.  They accompany these allegations with an allegation that Anderson was aware of Thornhill's conduct as the result of the repeated filing of grievances, but still continued to allow Thornhill to work in Pod 59C. Plaintiffs' claim that Anderson was made aware of Thornhill 's repeated conduct and allowed him to remain in the MHMR Pod, and the allegation that Thornhill's conduct was the result of Anderson's inadequate training or supervision, combine to support a plausible personal-liability claim against Anderson at this stage of the proceedings.

*Order*

Therefore, the following claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) and (ii):  all of Plaintiffs' claims in these cases against Dee Anderson in an official capacity; all of Plaintiffs' claims against Dee Anderson under a respondeat superior or vicarious liability theory; and all of Plaintiffs' claims against Tarrant County, Texas, the Tarrant County jail, and the Tarrant County

---

459)).

Sheriff's Department.[23]

     SIGNED December 5, 2012.

                                        _____
                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE

---

[23]The Court will address the next steps for these Plaintiffs in a separate order issued this same day.